EASTERN DIST.
*March*, 1840.

STATE
OF LOUISIANA
*vs.*
JUDGE OF THE
COMMERCIAL
COURT.

STATE OF LOUISIANA *vs.* JUDGE OF THE COMMERCIAL COURT.

ON AN APPLICATION FOR A MANDAMUS.

An appeal does not lie from an interlocutory judgment, directing the sheriff to deliver up a steam-boat sequestered at the suit of the plaintiffs, on the defendants giving bond and security in a sum sufficient to cover the plaintiff's demand.

The plaintiffs, J. A. & T. Cowles, in the original suit, out of which the present proceedings grew, by their agent in New-Orleans, made affidavit, that the defendant, John Haggerty, was justly indebted to them in the sum of eight thousand one hundred and eleven dollars, with interest ; that they have a privilege or mortgage on the steam-boat Corvette, owned by the defendant, who resides out of the state, and fear that he will remove the same out of the jurisdiction of the court, or dispose of the same during the pendency of this suit. They pray that said boat be sequestered, and taken into possession by the sheriff.

EASTERN DIST.
*March*, 1840.

STATE
OF LOUISIANA
*vs.*
JUDGE OF THE
COMMERCIAL
COURT.

Stephenson & Coffin came into court, and applied to bond the boat; and on a rule to show cause, and having heard the parties, the judge ordered that they have leave to bond the steam-boat Corvette, on giving security in the sum of fifteen thousand dollars. From this order the plaintiffs prayed an appeal, which the judge refused.

They have now applied for a *mandamus*. The judge, in answer to the application, says, he does not consider that the plaintiffs can suffer any irreparable injury, as the bond must be considered a substitute for the boat.

*Peyton* and *Smith*, for the application.

*Simon, J.*, delivered the opinion of the court.

A rule having been taken on the judge of the Commercial Court, to show cause why he should not grant a suspensive appeal from an interlocutory judgment by him rendered in the progress of this suit, directing the sheriff to deliver to Young Stephenson and William Coffin, the steam-boat Corvette, attached and sequestered at the suit of plaintiffs, on said defendants giving their bond in the sum of fifteen thousand dollars, with security, &c., shows for cause : That Stephenson & Coffin, to whom, it is alleged, that a fictitious and simulated sale of the boat attached and sequestered, was made by Haggerty, their co-defendant, have applied to bond the boat, and given bond, with sufficient security, in the sum ordered by the court; but that Haggerty did not appear and

EASTERN DIST. join the motion to bond.   He further shows, as his opinion,
March, 1840. that the right to bond is given to the defendants by the Code
—————— of Practice ; and that if, hereafter, the property should be
STATE
OF LOUISIANA found to be Haggerty's, his co-defendants would be liable on
vs.
JUDGE OF THE their bond for the amount of the plaintiff's claim, on their
COMMERCIAL failing to produce the boat.   He further gives, as his princi-
COURT.
pal reason for refusing to grant the appeal, that the plaintiffs
cannot suffer an irreparable injury, as the bond ought to be
considered as a substitute for the boat.

The object of the plaintiffs' action is to recover a sum of
money, to secure which, they allege to have a mortgage and
privilege on the steam-boat Corvette; it is true that they allege,
in their petition, that Haggerty is the real owner of the boat,
but they aver, also, that his co-defendants have an apparent
and pretended title to said boat, which they attack as fraudu-
lent and simulated ; and in order to exercise their alleged
right of mortgage and privilege, they seek to annul the sale.

We are not now to decide on the propriety or legality of
the interlocutory judgment rendered by the judge of the
Commercial Court ; but it appears to us, that, instead of the
boat itself, which, during the pendency of this suit, would
lie idle in the port of New-Orleans, the plaintiffs having a
bond and security to the amount of fifteen thousand dollars,
it is a sufficient substitute for the boat.   We agree with the
judge that the interlocutory judgment complained of, cannot
cause an irreparable injury, (Code of Practice, 566,) and we
think he did not err in refusing to grant the suspensive
appeal prayed for by plaintiffs.

Let the rule be discharged.