COMSTOCK ET AL. *vs.* PAIE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

EASTERN DIST.
*June,* 1840.

COMSTOCK ET AL.
*vs.*
PAIE.

| 15 | 481 |
| 120 | 746 |

An appeal lies from an order or judgment authorizing the plaintiff to bond goods or property of the defendant, which has been sequestered.

The defendant may bond his property, but the plaintiff is never allowed the possession of it. He can only demand that it be sold, if it be of a perishable nature.

This is an action against the defendant, and one Smith, for seven hundred and twenty-eight dollars, the price of one hundred and four barrels of flour, which the plaintiffs allege they sold and delivered to said defendant. They pray for judgment, and that the flour be sequestered, and held subject to their demand.

The defendant denied, generally and specially, every allegation and fact set forth in the petition.

The defendant's counsel, on suggesting to the court that the plaintiffs had obtained possession of the flour from the sheriff, and sold it, took a rule on the plaintiffs and sheriff, to show cause why the flour, or the proceeds thereof, should not be delivered up to the defendant, on his giving bond for its forthcoming. The rule was made absolute, as regards the plaintiffs.

The bond furnished by defendant was signed and delivered to his counsel in blank, who filled it up for a sum less than that claimed, and received the money from the sheriff.

The plaintiffs then took a rule on the sheriff and defendant, to show cause why the sheriff should not be held responsible for taking an insufficient bond ; and why the plaintiffs should not be allowed to bond the proceeds of the flour.

On the trial of this rule, it was determined that the authority from defendant to his attorney, to give the bond, was not sufficient, the rule was made absolute, and ordered that the plaintiffs be allowed to bond the property sequestered. From this order the defendant appealed.

*Clark* and *Eggleston,* for the plaintiffs.

*Bartlette,* for the appellant.

## 482 CASES IN THE SUPREME COURT

COMSTOCK ET AL.
*vs.*
PAIE.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from the judgment of the District Court, making a rule absolute, which made the sheriff responsible for taking an illegal and insufficient bond on an order of court, allowing the defendant to bond the proceeds of a quantity of flour sequestered by the plaintiffs, *and also in allowing the plaintiffs* to bond the same.

The first part of the rule, which relates to the sheriff, cannot be considered by us, because the defendant and appellant is without interest therein ; and the sheriff is not before us, either as appellant or appellee.

An appeal lies from an order or judgment authorizing the plaintiff to bond goods or property of the defendant which has been sequestered.

It is objected, as to the second part, that it works no irreparable injury ; and is not, therefore, an appealable case. We are of opinion that if the property was delivered to the plaintiffs on their bond, the defendant must suffer an injury, which a final judgment in the court below, or ours on an appeal, could not repair ; for neither judgment could relieve the defendant, who would be compelled to seek relief in a separate suit on the bond.

The defendant may bond his property ; but the plaintiff is never allowed the possession of it. He can only demand that it be sold, if it be of a perishable nature.

The object of a sequestration is to secure to the plaintiff a right which he claims on the defendant's property. The latter may obtain the restoration of his property by substituting thereto a bond, with security for indemnification of the plaintiff, in case of the removal of the property. The plaintiff is never allowed to demand the possession of the property itself. If it be of a perishable nature, he may, however, demand that it be sold and the proceeds deposited in court ; unless in the meantime the defendant exercises his right of bonding it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, so far as it authorizes the plaintiffs to bond the property, or its proceeds sequestered, be annulled, avoided and reversed ; and that the rule be in this part discharged ; the plaintiffs and appellees paying the costs of the appeal, and those of the rule.