## SUCCESSION OF FELIX DE ARMAS.

One who has no interest in a succession, nor in the question of who shall be appointed to administer it, cannot complain of the want of any of the formalities required by law to precede the appointment of a dative executor.

One who opposes the appointment of a curator of a succession, must allege a better right in himself.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

BULLARD, J.* The appellee, Joseph Le Carpentier, having been appointed dative testamentary executor of the will of Felix de Armas, deceased, André D. Doriocourt, on the same day, filed his opposition, as it is called, on the ground that he was about to apply for the appointment, when the court, without any public notice, appointed the appellee. He therefore prays that said appointment may be annulled, and that publications may be made according to law. Therefore the dative executor was called on, to show cause why his appointment should not be revoked.

He showed for cause : *First.* That the party taking the rule had alleged no interest of his own, and no right in himself which had been infringed, and that he had consequently no capacity *standi in judicio.* *Second.* That the matters alleged in the rule are insufficient to authorize the judgment prayed for; and that no such proceeding as that now attempted, can be sustained by law, the present not being one of the modes, by which alone final judgments can be changed or affected.

The rule was discharged, and Doriocourt appealed.

We concur with the Court of Probates in the *conclusion,* to which it came. The plaintiff shows no interest in the succession, nor in the question who ought to be appointed to administer it. He has no right therefore to complain of the absence of any formalities, which may be required by law to precede the appointment of dative executors. He was not an applicant, and filed no opposition until after the appointment was made. Even if the opposition had been in time, it is very questionable, whether it could have been listened to. In the case of *Chew et al.* vs. *Flint, Curator,* 7 La.,

---

* MORPHY, J., being interested, did not sit on the trial of this case.

395, we held, that an opponent to the appointment of a curator must allege a better right.   Civ. Code, 1112.   Code of Prac., 972.

Without enquiring into the reasons, which influenced the judge of the Court of Probates in the present case, we content ourselves with assenting to his conclusion ; and his judgment, discharging the rule, is therefore affirmed with costs.

*Pepin*, for the appellant.

*T. Slidell*, for the executor.