THE STATE *v.* THE JUDGE OF THE FIRST JUDICIAL DISTRICT.

2r 395
113 1047

No appeal, suspensive or devolutive, will lie from a judgment, rendered in the progress of a suit by a wife against her husband to recover the administration and possession of her paraphernal property which had been sequestered on the execution of a bond with security, ordering her to be put in possession of the sequestered property, or from one overruling a motion to set aside the sequestration. They are interlocutory judgments, from which no appeal will lie unless they work irreparable injury. The bond protects the husband from injury.

APPLICATION for a mandamus to the Judge of the First Judicial District.

George A. Waggaman presented a petition representing that an action had been instituted against him in the District Court of the First Judicial District, by his wife, to withdraw from him the administration of her paraphernal property. That, at her instance, an order of sequestration had been issued, and executed on a plantation, and certain slaves, in the parish of Jefferson. That

she subsequently obtained, *ex parte*, an order to put herself in possession of the property, on executing a bond, with surety, in the sum of ten thousand dollars. That this order was executed. That, not satisfied therewith, she asserted a right to expel the petitioner from the matrimonial domicil, in which both had resided for several years preceding. That this dwelling, which is on the sequestered estate, was built during the marriage, and belonged to the community of *acquêts*. That on the 24th of May she applied, *ex parte*, to the judge of the District Court, and obtained from him an order commanding the sheriff of the parish of Jefferson to expel the petitioner from the matrimonial domicil, and to put her in exclusive possession thereof, which order is now in the hands of the sheriff. That the judge has refused to grant a suspensive appeal from that order. Finally, that his right to reside in the matrimonial domicil is worth to him more than $300, and that the injury resulting from the execution of the order will be irreparable. In consideration whereof he prayed that the judge *a quo* might be ordered to show cause why a peremptory mandamus should not be issued, commanding him to allow the appeal.

*Buchanan,* J., showed cause. That the plaintiff, having sued for the administration of her paraphernal property, and procured an order for its sequestration, on the 27th April, 1842, when more than ten days had elapsed since the execution of the sequestration without any application on the part of the defendant to bond the property, applied for leave to bond it herself, under the provisions of the act of 5th March, 1842, which she did.* That the

---

* Art. 279 of the Code of Practice provides, that " A defendant against whom a mandate of sequestration has been obtained, except in cases of failure, may have the same set aside by executing his obligation in favor of the sheriff, with one good and solvent surety, for whatever amount the judge may determine as being equal to the value of the property to be left in his possession."

The act of 5 March, 1842, p. 204, declares " That in actions of sequestration, whenever the defendant shall fail, or neglect to comply with the provisions of the 279th article of the Code of Practice within ten days after the seizure of the property by the sheriff, it shall then be lawful for the plaintiff, his agent, or attorney in fact, to give similar bond and security to the sheriff, as those required by law from the defendant, and to take the property sequestrated into his possession."

effect of this bond was, to entitle the party to the possession of the property. That the defendant moved to set aside the sequestration, and, on the 19th of May, prayed for a suspensive appeal from the order of court putting the plaintiff in possession of the sequestered property, and from the interlocutory judgment overruling his motion to set aside the sequestration. That a devolutive appeal was allowed, and that, on the 21st of May, the defendant, by executing a bond in a sum sufficient to cover the costs, acquiesced therein. That the order of the 24th of May, expelling the defendant from the sequestered premises, was but a supplement and incident to that allowing the plaintiff to bond the property, from which last a devolutive appeal has been granted and accepted.

*Canon* and *Roselius*, for the appellant.

*R. N. Ogden*, contra.

MARTIN, J. To a rule to show cause why a mandamus should not be issued commanding the judge to grant a suspensive appeal to Geo. A. Waggaman, from a judgment obtained by Marie Camille Arnoult, his wife, against him, the judge has answered : that the wife having instituted a suit for a separation from bed and board, afterwards filed her petition claiming the administration of her paraphernal property, and praying for its sequestration. The property having been sequestered, and the husband having neglected to apply to bond the property within the period fixed by the Code of Practice, art. 279, the wife claimed the right of bonding under the act of the legislature, approved 5th of March, 1842 ; and an order was made accordingly. The husband moved to set aside the sequestration, on the ground that the property prayed to be sequestered was not paraphernal, but common, and that the sequestration had, on other grounds, been issued contrary to law. The motion was overruled, after argument. The husband then claimed a suspensive appeal from the interlocutory judgments, putting the wife in possession of the sequestered property, and overruling his motion to set aside the sequestration. The suspensive appeal was denied, and a devolutive one allowed, in compliance with which the husband executed his bond for the sum of two hundred dollars, to cover the costs of the appeal. The two judgments on which a mandamus for a suspensive ap-

peal is prayed, are mere interlocutory ones. No appeal, either devolutive or suspensive, can be had thereon, unless the party who seeks to appeal shows that they subject him to an irreparable injury. Code of Prac. art. 566. As to the first judgment, the bond, on the filing of which the order of sequestration was issued, amply protects the husband from any injury which may result to him from his wife's obtaining the possession of the sequestered property. The same bond will also protect him, if the District Court has erred in overruling his motion to set aside the sequestration.

*Rule discharged.**

---

* *Roselius,* for a re-hearing. No application was made for a mandamus to obtain a suspensive appeal from either of the interlocutory judgments referred to in the opinion of the court. The wife was put in possession of the property, without any opposition on the part of the husband. But among the property sequestered is the dwelling in which the parties had their matrimonial domicil, and the question is, can a wife who sues for the administration of her paraphernal property, expel the husband from the common dwelling, pending the suit ? The District Judge was of opinion that she could, and on the 24th of May granted, *ex parte,* an order directing the sheriff to remove the husband, by force, therefrom ; and having refused to allow a suspensive appeal from this order, the defendant applied for a mandamus to compel him to grant it. It was on this application that the rule was allowed, and the sheriff provisionally enjoined from executing the order of the 24th of May. That order is calculated to injure the defendant irreparably. An action on the sequestration bond is no compensation to a father and husband, for a forcible and ignominious ejection from the matrimonial domicil. *Re-hearing refused.*