*Dwight*, for the appellant.

*Maskell* and *Lewis*, for the executor.

---

## Louisa Field *v.* Simon C. Mathison, Executor.

The testator had bequeathed all his estate to his mother and one of his sisters. An order for a sale of the property having been procured by the executor, a sister of the deceased, to whom no part of the estate had been left, obtained an injunction to prevent the sale, and the curator of the testator's mother, an interdicted person, intervened in the suit, alleging that the latter was a forced heir recognized by the will, that the injunction was for her benefit as well as the plaintiff's, claiming part of the damages sued for, and praying to be allowed, with the consent of the plaintiff, to unite with the latter, and to pay a part of the costs. Answer by defendant to the petition of intervention, denying the right of the curator to intervene; and judgment dissolving the injunction and ordering the executor to proceed with the sale. On an appeal by plaintiff and intervenor: *Held*, that the plaintiff, having no interest in the succession of the testator, had no right to interfere with its administration: and that no judgment having been rendered for or against the intervenor in the lower court, his appeal must be dismissed.

Field v. Mathison, Executor.

Appeal from the Probate Court of St. Mary, *Dumartrait*, J.

Garland, J. The plaintiff, who is a sister of Thomas E. Bowles, alleges that she is entitled to a portion of his succession, which amounts to about $35,000; that Mathison, claiming to be the executor of her deceased brother, has taken possession of all the property, and obtained from the court two orders or judgments, decreeing a sale of the same, under which judgments, dated December the 29th, 1841, and January 13th, 1842, the property is advertised to be sold on the 21st of February, 1842. The petitioner alleges the nullity of these judgments or decrees of the Court of Probates.

*First.* Because she is a presumptive heir, and has had no notice of any of the proceedings upon which said judgments or orders have been rendered; she having never been cited, having never appeared or joined issue, nor had a judgment by default taken against her.

*Second.* Because there is nothing to show that the creditors of the estate demanded a sale.

*Third.* Because it does not appear necessary to sell the property to pay the debts of the estate.

*Fourth.* Because if it be necessary to sell any of the property to pay the debts, it is not necessary to sell the whole of it.

*Fifth.* On the ground that no property ought to be sold to pay the debts, until the proceeds of the sugar and molasses made on the plantation of the deceased, (which are not put on the inventory,) shall have been applied to that purpose.

She further alleges that the sale ordered should not take place, in accordance with the resolutions of the meeting of the creditors, as she has made opposition to the homologation of those proceedings; and, further, because the sale, if made in conformity to the decision of said meeting, will be a great injury to the estate.

She prays that the aforesaid orders or judgments directing a sale, may be annulled and declared void; and for an injunction against Mathison, and all others, to prevent a sale, saving to him the right of having so much of the property sold as may be sufficient to pay the debts of the succession; and she prays for damages, &c.

Upon this petition an injunction was issued, arresting all further proceedings.

The defendant, after a general denial, specially denies that the plaintiff has any interest in the estate of Thomas E. Bowles, as she is not named as a legatee in his will. He avers that the proceedings of the family meeting and meeting of creditors, have been duly homologated, and a sale ordered to pay the debts, which amount to about $14,000, mostly secured by mortgages, and that the sale has been illegally enjoined; wherefore, he prays for damages, for a dissolution of the injunction, that he may be directed to proceed to the sale of the property as if no injunction had been issued, and that he have judgment on the injunction against the plaintiff and her sureties.

On the day that this answer was filed, Thomas Maskell, the attorney of the respondent, presented a petition, alleging that he was, in a representative capacity, as curator of the estate of one Key, a creditor of the estate of Bowles; and that a sale had been ordered to pay his, and other debts. He asks leave to intervene in the suit, and says that the injunction ought not to have issued, and should be set aside.

*First.* Because the plaintiff has no right to it.

*Second.* Because the plaintiff has no interest in the estate until the debts are paid, although she may be a presumptive heir, which is denied.

*Third.* Because, as she could not interfere, he has suffered damages to a large amount. Wherefore he asks a judgment, dissolving the injunction, and for damages. On the same day Field, as the curator of Dorothea Bowles, presented himself, and asked to intervene and assist the plaintiff, alleging the same grounds of objection and nullity, and asserting that Dorothea Bowles was a forced heir, recognized by the will, that the injunction was for her benefit as well as the plaintiff's, and claiming a part of the damages sued for. He prays to unite with the plaintiff to pay a portion of the costs, and to share the benefits; to all which it is stated the plaintiff has agreed. This petition was answered by the defendant, but on that of Maskell no issue was ever joined.

After a protracted trial, the court dissolved the injunction, and

ordered the defendant, as executor, to proceed to a sale of the succession as if no injunction had been issued or attempt made to annul the judgments ordering a sale, which are declared valid and good in law. From this judgment, the plaintiff, and the intervenor Field, as curator, have appealed.

*Dwight*, for the appellants.

*Lewis*, contra. The plaintiff is without interest in the succession. She cannot interfere with its administration. The testator having disposed of all his property, her remedy, if any, was by an action of nullity to set aside the will. The intervention, being an accessory to the principal action, must share its fate.

GARLAND, J. On the trial of the cause, the two wills of Thomas E. Bowles, mentioned in the case of the *Succession of Thomas E. Bowles, ante,* p. 33, were given in evidence, and their validity or legal effect was not in any manner attacked, either by the pleadings or evidence. It is not pretended that these wills, or either of them, have been impeached in any legal manner; and from them, as they now stand, it is clear that Louisa Bowles has no right or interest in the succession of her deceased brother, he having, in express terms, given all his estate, real and personal, to his mother, and sister, the wife of the defendant. As long as these testaments stand, the plaintiff has no right to interfere in the administration of the succession of her brother. She is a collateral heir only, and the testator had a right to give his property to whom he pleased, so that the rights of his mother were preserved. The presumption of the plaintiff being an heir, is destroyed for the time being, by the will having instituted other persons as the universal legatees, or legatees by a universal title. Not having any interest in the case, the injunction was, therefore, properly dissolved.

The appellant, Field, insists that, although the injunction may have been properly dissolved as to the plaintiff, for want of interest, his appeal ought to be maintained, and he be permitted to assume the place of the plaintiff, and show the propriety and legality of the injunction, though originally no party to it, and although he had given neither bond or security to indemnify the defendant, nor made oath to the facts necessary to obtain it, because he had chosen to join her and claim a part of her alleged rights. Inde-

pendent of the objections that might be made to this assumption or transfer of litigious rights, there is one still more formidable as regards the appeal of the intervenor. There has been no judgment either for or against him, on his petition, in the inferior court. He is there still, and cannot, by hanging to the skirts of the plaintiff, get into this court and assert his rights under the protection of one whom we have already excluded.

The judgment, so far as it dissolves the injunction, is affirmed, at the costs of the plaintiff without prejudice to any rights which she may have on the estate of Thomas E. Bowles; and as to the intervenor, Field, as curator of Dorothea Bowles, his appeal is dismissed with costs.