## SAME CASE—ON A RE-HEARING.

In proceedings to remove an executor, curator, or other administrator of a succession, notice or citation to the defendant is indispensable; without it, the proceedings will be null *ab initio.* The mode of removal has not been altered by the act of 16 March, 1842, chap. 120.

Under the 5th sect. of the act of 16 March, 1842, where a testamentary executor or other administrator of a succession, shall suffer ten days to elapse after his appointment, without having qualified, or caused an inventory to be begun, the judge of Probates must, *ex officio,* notice such default, and take forthwith legal steps to notify those interested, and to make a new appointment in the same manner as in the first instance. He is not to wait for a complaint, but must notice the fact *ex officio.* This act imposes a new duty on the probate judge; but it has not relaxed any of the securities which those interested in the publicity of the proceedings are entitled to.

GARLAND, J. The court has ordered a re-hearing in this case, for the purpose of stating more in detail its reasons, for reversing the judgment of the Probate Court, removing Ellen Beattie from the office of executrix of her late husband's will, and appointing P. M. Bertin dative executor thereof.

That sufficient causes existed to induce the judge of the Court of Probates to remove the appellant, is probable ; but, the question is, has he proceeded according to law in doing so ? We think he has not. The Code of Practice, art. 1018, says, that " the removal of curators of vacant estates and absent heirs, and that of testamentary executors, or other administrators of successions, may be prayed for by any heir, creditor, or other person concerned, and the suit be conducted in the same manner as above." This article clearly contemplates a suit, or legal proceeding against the executor, curator, or administrator ; and that notice of such suit, or proceeding, in some legal mode, is necessary, is a proposition too clear to admit of argument. Notice, or citation to the defendant, is indispensable in every suit, unless in those cases where the law provides for the appointment of a curator *ad hoc*, or for bringing a party into court by seizing his property. If the proceedings are summary, the notification is not precisely the same as in ordinary actions ; but, a reasonable notice is still required. Where there are a plaintiff and defendant, no issue can be made up before the latter is cited ; and a judgment rendered, without citation, or notice, is a nullity. When the syndics of E. Johns & Co., and Rose, commenced their proceedings in the Court of Probates against the appellant, they were plaintiffs and she defendant, and, consequently, entitled to notice, which not being given, the proceedings are null *ab initio*. The declension by Rose of the appointment of dative executor offered to him, did not legalize the appointment of Bertin, because the office had not been legally vacated.

We know of no legislation changing the mode of removing executors, curators, &c., from office ; unless some of the provisions of the act of 1842, which purports to amend article 924 of the Code of Practice, alters the mode. See acts of 1842, p. 300. In no part of that act, is it openly said, that any amendment is proposed to art. 1013, and those that follow to art. 1019 ; nor is it anywhere said, that any of the notices required by law, are dispensed with. What the framers of the different clauses of that act intended, it is not for us to guess ; but it is no where avowed that the publicity and notice to parties, which the law

required, was to be no longer necessary. The second and fifth sections of that act are all of it that can have any bearing on the case before us. The first of those sections does not appear to make any material change in the clause of the article it proposes to amend. The original article says, that the Court of Probates has power, "to appoint administrators under the will, when the executor appointed by the testator, will not, or cannot perform the duties, or is dead, or absent." The amendment provides that, in precisely the same category, "the judge shall appoint one, or more dative testamentary executors," in the same manner as is provided by the original article. All, then, that the legislature intended to do, was to change the name of administrator under the will, to "dative testamentary executor," and leave every thing where it did before. We have, on various occasions, said, that there is no material distinction between the duties of a dative executor and an administrator, except that the former has to look to the will, for the purpose of carrying into effect its dispositions of the property, and the latter to the law.

We will now see if the fifth section of the act has introduced any thing new. It says, "that whenever the testamentary executor, or any other administrator of a succession, shall suffer ten days to elapse, after his confirmation or appointment, without having either qualified, or caused an inventory to be at least begun, the judge shall forthwith, and, *ex officio*, appoint a successor in office, as if no such officer had been confirmed or appointed." Now suppose that White had not appointed an executrix to his will, what would have been the duty of the Court of Probates, when the will was presented to it for probate ? The first thing would be, to give legal notice that the will had been presented, and that the person presenting it had applied to be appointed dative executor, or executrix, and to fix a time within which opposition might be made to the appointment. That is precisely what is to be done when the administrator, or executor, shall neglect to qualify, or to cause an inventory to be commenced. The judge, by virtue of his office, is to take notice of such default, and immediately, or "forthwith," take the legal means to notify those interested of it, and

make an appointment in the same manner as in the first instance. He is not to wait for a complaint to be made by any person, but he must notice it himself. The law imposes a new duty on the judges of Probate Courts, but it has not relaxed, nor repealed any of those securities which parties, interested in the publicity of their proceedings, are entitled to.

In this case the appellant did take the oath required by law, within ten days after her confirmation as executrix, and was dispensed with giving security, so that she had, in fact, complied with one of the alternatives required by the act of the legislature ; and, therefore, it may well be questioned whether she is subject to the operation of the section, and the penalty imposed by it. As a doubt exists upon this point, the necessity for notice is more apparent.

It is, therefore, ordered, that our first judgment remain undisturbed.