GEORGE R. KING *v.* LOUIS LASTRAPES et als.

In cases where the law makes it imperative upon the Judge *ex officio* to appoint an executor, it does not dispense with the necessary formalities. An appointment made under such circumstances, should be made only after due notice to all parties interested.

The appointment of a dative testamentary executor without notice of the application, is null.

The power of the Judge to appoint a successor to an executor or administrator who has not qualified after the expiration of ten days from his appointment, cannot be exercised without first notifying such executor of his appointment.

APPEAL from the District Court of the Parish of St. Landry, *Martel,* J.

J. E. *King,* for plaintiff. *Dupré & Garland,* for defendants and appellants.

COLE, J. *Sarah H. Ogden,* wife of *James Akenhead,* died about the 4th of October, 1857, leaving an olographic will, and appointing the plaintiff and *John Glaze,* executors of her estate.

On the 21st of October, *John Glaze* presented a petition for the probate of the will.

It was probated, and the executors named were appointed by the Clerk, but they never qualified; and on the 16th of March, 1858, the Clerk appointed *Robert Benguerel,* executor of the estate. He qualified on the same day.

The object of this action is to destitute *Benguerel* of his trust, and appoint plaintiff in his place.

The judgment decreed the appointment of *Benguerel* to be null, vacated the same, and ordered the Clerk to deliver letters testamentary to the plaintiff.

*Benguerel* has appealed.

The decision of the cause depends on the solution of two questions :

1st. Has the appointment of *Benguerel* been made according to law and is it valid ?

2d. Was plaintiff subject to the penalty of the fifth section of the Act of 16th of March, 1842, entitled " an Act explanatory of the 924th Art. of the Code of Practice for the administration of the succession of strangers dying possessed of property within the State of Louisiana, and for other purposes ?" Session Acts of 1842, p. 300.

I. The Act of 1842, reënacted in 1855, Session Acts, p. 79, § 7, provides : " That whenever the testamentary executor, or any other administrator of a succession, shall suffer ten days to elapse after his confirmation or appointment, without having either qualified or caused an inventory to be at least begun, the Judge shall forthwith and *ex officio* appoint a successor in office, as if no such officer had been confirmed or appointed."

This Act is principally based upon Art. 1671 of the Code, and 924 of the Code of Practice, sections 7 and 8.

These Articles confer on the Judge the power of appointing a testamentary executor *ex officio,* if the testator has omitted to name one, when the person designated in the testament refuses to accept, will not, or cannot perform the duties, or is dead or absent; and authorize him to remove or supply the places of such executors, in the cases provided by law.

These Articles did not, however, oblige the Judge to assume the initiative steps

for the appointment of an executor in the several cases therein mentioned, and the Act of 1842 was passed, which enjoins upon the Judge in certain events, of " forthwith and *ex officio* appointing a successor in office."

The words " forthwith and *ex officio*," do not authorize the Judge to act independently of the forms and requisitions of the law.

Arts. 1671 and 924 were judicially interpreted previously to the passage of the Act of 1842, and our predecessors held, that in all cases of administrators of successions, of whatever denomination, to be appointed by courts of probates, public notice of the applications should be given in the manner pointed out in the Articles 1106, 1107 and the following, of the Louisiana Code, or in any other law relative to the same subject. *Girard's Heirs and Legatees* v. *Girard's Executors*, 18 La. 401 and 402.

In June, 1842, this court decided that the Act of 1842 does not dispense with the publication of the application to be appointed dative testamentary executor. *Succession of Henderson*, 2 Rob. 395.

In 1844, on a re-hearing, it was held, that when the administrator or executor shall neglect to qualify, or to cause an inventory to be commenced, the Judge, under the Act of 1842, by virtue of his office, is to take notice of such default ; and immediately, or " forthwith," take the legal means to notify those interested of it, and make an appointment in the same manner as in the first instance. He is not to wait for a complaint to be made by any person, but he himself must notice it.

This Act has not, however, released nor repealed any of those securities to which parties interested in the publicity of their proceedings are entitled. *Succession of White*, 9 Rob. 356.

The interpretation of the Act of 1842, by our predecessors, by which public notice were required before the appointment of dative testamentary executors, has been affirmed by legislative action.

In 1855, the fifth section of the Act of 1842 was literally reënacted.

The interpretation of this section of the Act of 1842, by the Supreme Court, was known to the lawyers in the Legislature of 1855, who were charged with the general revision of the statutes ; and they could easily have prevented, in the future, this interpretation by the insertion of a few words. As they did not do so, they consequently adopted and reënacted the Act of 1842, as interpreted by the published decisions of the Supreme Court.

These decisions accord with the genius and spirit of our laws. The Judge would indeed be vested with a dangerous power, if he were authorized to appoint without notice ; for he might appoint strangers or favorites over heirs and creditors, and he would not perhaps always know who were the real parties interested.

Defendant relies on the case of the *Succession of Bernard Hart*, 7 Rob. 535, it contains no principle antagonistical to the necessity of public notices of the application of persons to be appointed dative testamentary executors or administrators.

The court say, that after the expiration of the ten days, " the Judge might perhaps have refused to permit her to qualify, and *have taken measures* for the appointment of another person in her stead."

What *measures* do the court intend ? We think, that the sentence implies, that the Judge was to adopt the ordinary procedure for the appointment of an administrator, such as public notice.

We would also observe, that the 7th, 8th and 9th clauses of the Article 924 of the Code of Practice, call dative testamentary executors, administrators ; and it is now the established jurisprudence that the duties of a dative executor and an administrator, do not vary materially, except that the former is obliged to regard the testament, for the purpose of executing its dispositions of the property, and the latter the law.

Consequently the same notices ought to be given for the appointment of dative testamentary executors, as for that of any other kind of administrators of an estate.

Now, as no public notice was given of the application of *Benguerel* for the appointment of dative executor. his appointment is therefore null.

II. We are of opinion, that plaintiff has not subjected himself to the penalty of the statute of 1842, reënacted in 1855.

This statue is highly penal in its nature, and ought to be rigidly construed.

The object of this statute was to impose a new duty on the Judge, for indepen-dantly of it, there is nothing therein different from what was previously contained in Article 1671 of the Code, and 924 of the Code of Practice.

This new obligation obliges the Judge to adopt proceedings for the appointment of a dative executor or administrator.

Anterior to the statue of 1842, the Judge was not bound to take any action in the event the executor or administrator fail to qualify or to cause an inven-tory to be made. Estates were thus exposed to be despoiled or ruined ; but this statute obliges him, after the expiration of ten days from the appointment or confirmation of an executor or administrator who has not qualified, or caused an inventory to be at least begun, to appoint forthwith and *ex officio*, a succes-sor.

This statue does not, however, authorize the Judge to do this, unless the execu-tor previously appointed has been notified of his confirmation.

In the case at bar, the plaintiff did not present a petition, to have the will pro-bated and himself confirmed as executor ; besides he never received any official notice of his appointment.

It is adverse to the spirit of our laws and institutions, that a person should be deprived of his rights without any notice. It is a general rule, that one cannot be affected by a suit unless he is a party to the same.

Article 931 of the Code of Practice requires, that : " If it be the executor appointed by the will who presents the petition, he shall demand not only the execution and registry of the will, but that letters testamentary be delivered to him, if he agrees to accept the appointment."

When, then, the person appointed by the will applies, it is the duty of the court to decree, as a part of the judgment, that letters testamentary be delivered to him ; they are his commission and the warrant of his authority to act in the capacity of executor.

We are, then, of opinion, under the circumstances of this case, that plaintiff ought to have been officially notified of his appointment, before the Clerk pro-ceeded to subject him to the penalty of the statute ; and then, if he allowed the ten days to elapse after this notification, the proper authorities could have proceeded to give the public notices of the application of other persons, or if there were no applications, of the intention of the Judge to appoint a certain person to the executorship.

In 17 La. 592, *State* v. *Judge of Probates for the City of New Orleans*, the

court say : " We have no hesitation in saying that in our opinion, the Court of Probates has no authority to appoint a dative testamentary executor, until the executor named by the will has had an opportunity offered him to accept or refuse the trust."

The appointment of *Benguerel* is then null for two reasons : first, because no notice was legally given of his application ; and, secondly, because there was no vacancy ; for he could not be appointed, as long as plaintiff had not been notified of his appointment and had the opportunity to accept or refuse the trust.

The designation in the will, and the subsequent appointment, do not stand in lieu of public notice, because the parties interested to obtain the appointment have the right to suppose, that the one appointed will continue to act. When, then, he is removed, public notice must be given of the application of persons for the office, the same as if no one had been named in the will and appointed by the court.

Defendant relies also on the case of *De Armes*, 1 Rob. 461, but it only decides, that a person having no interest in the question of the administratorship of an estate, cannot provoke the destitution of one already appointed. In the present case, the plaintiff is interested, because he was named in the will and appointed by the proper officer.

Judgment affirmed, with costs of appeal.