State, ex rel. City of New Orleans, v. Judge of Eighth District Court.

No. 2809.—STATE, éx rel. CITY OF NEW ORLEANS, *v.* THE JUDGE OF THE EIGHTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

Where an intervenor causes certificates of stock to be sequestered from the plaintiff in the action, the latter becomes practically a defendant in sequestration, and, as such, has a right to bond the property.
This right to bond exists whether the writ be directed against "property," as mentioned in C. P. 271, or against "obligations and titles," as mentioned in C. P. 272. In either case, the ownership being in dispute, the conservatory effect of the writ is to compel the possessor, if he wishes to retain possession, to give security in favor of the claimant, who demands possession.

APPLICATION for Writs of Mandamus and Prohibition. *J. R. Beckwith,* City Attorney, for relator. *Henry C. Dibble,* Judge, respondent.

HOWE, J. This is an application by the city of New Orleans for writs of mandamus and prohibition, to compel the respondent to grant an appeal from an order permitting certain certificates of stock to be bonded by the party from whom they had been sequestered at the instance of relator. The order, from which an appeal is asked, was made in the case of McComb *v.* The New Orleans, Jackson and Great Northern Railroad Company, a contest in which the ownership of the stock is involved, and in which the relator intervened. Upon the allegation that there was danger that McComb might, during the pendency of the action, remove the certificates beyond the jurisdiction of the court, the relator procured an order that they be sequestered. The sequestration having been made, McComb, from whose possession they had been taken, and who was thus practically a defendant in sequestration, moved to bond under the provisions of article 279 C. P. The motion was granted, the bond being fixed by the judge in the sum of $300,000.

The counsel for relator insists that the order permitting the certificates to be bonded was erroneous, and that an appeal lies therefrom. The first proposition might be correct and the second incorrect, for an interlocutory judgment, however erroneous, can not be appealed from, unless it works an irreparable injury. But we are constrained to think that neither proposition can be maintained. The second shows, as already stated, that the certificates were sequestered under the provisions of the Code of Practice relative to conservatory remedies. The allegations of ownership in relator, and danger that McComb might remove them beyond the jurisdiction of the court, show that it was the ordinary writ of sequestration that was applied for, and the order of the judge that "the property and documents described in the foregoing petition be sequestered, as prayed for, and let the same remain sequestered in the possession and control of the court, and subject to its order," confirms this view. As soon, therefore, as the certificates were taken into the custody of the court, the defendant in sequestration had a right to bond. It is urged that the certificates are not "property," in the sense in which that word is used in article 271 C.

P., but that they are of the class of objects mentioned in article 272, which declares that "obligations and titles may also be sequestered when their *ownership* is in dispute," and that the former may be bonded by the defendant under article 279, but not the latter. We can not assent to this proposition. In either case the conservatory effect of the writ is to compel the possessor, if he wishes to retain possession, to give security in favor of the claimant who demands possession.

As to the right to an appeal, the question has been settled adversely to the claims of the relator by the decision in the case of State *v.* Judge, 14 La. 590, a decision which is founded on sound reason, and has been uniformly adhered to. The case of Comstock *v.* Paie, 15 La. 481, does not conflict with this view. That decision was rendered before the enactment of the law of 1842, by which a plaintiff in sequestration was permitted to bond, in case the defendant declined the privilege. The court thought that the order permitting the *plaintiff* to bond was unauthorized by law (as it was at that time), and that it wrought an injury, and so entertained the appeal, but the decision in 14 La. was not overruled or affected in principle. In fact, if the plaintiff in sequestration were allowed to take property from the defendant, and then appeal suspensively from an order allowing the defendant to bond, the article 279 would be nullified, and the condition of the defendant rendered miserable indeed.

For the reasons given, it is ordered that the rule granted herein be dismissed, with costs.