The opinion of the court was delivered by
Nicholls, C. J.
An examination of the decree of this court will1 show that the relatrix had resorted in the District Oourt to a double- *929 proceeding, both inside of the succession proceedings. Saville, the executor, had filed a provisional account of his administration, ■showing certain amounts received and certain amounts disbursed by him. To this account, relatrix filed an opposition, alleging that the executor had failed to account for rents and revenues derived from real estate belonging to said succession and for the share of Schuyler B. Steers in the partnership of which he was a member; she also claimed for paraphernal property of the wife converted to his own use by the husband. The prayer of the opposition was in accordance with its averments.
After filing the opposition, Mrs. Evans brought a separate suit against the executor, alleging the domicile of Schuyler B. Steers and wife to have been in New Orleans at the time of the death of Mrs. Steers. Mrs. Martha Perry and others alleging themselves to be the heirs of Schuyler B. Steers intervened in these proceedings and joined the executor in resisting the claims of Mrs. Evans in her petition and in her opposition,- pleading the general issue, but specially admitting some of her allegations and specially denying others. They prayed that her demand be rejected. Mrs. Evans put this intervention at issue by answer. The parties seem to have dealt with the opposition and the direct proceeding as one and the same.
In the body of tbe decision of this court, in the case, we said: “ The most important fact — the only one at issue — that can be determined, is the domicile of Schuyler B. Steers at the time of the death of his wife. Comparing and analyzing the testimony in the record, we are of the opinion that on the 1st day of June, 1888, Schuyler B. Steers had his domicile in the city of New Orleans.”
Our decree was predicated upon this finding of fact.
The first question which suggested itself to us, in the present proceeding, was, as to whether relatrix had had recourse to the proper remedy, whether this was not rather a case for an appeal than one for a writ of mandamus. (St. Louis National Bank vs. Bloch, 44 An. 895.) We have resolved the doubt existing in our mind on that subject by the consideration that the matter, substantially at issue between the parties, is the interpretation properly to be given to and the effect to properly follow from one of our own decisions.
Relatrix claims that the District Court has given to our decree a *930 construction which hampers and impedes the trial of the issues which she seeks to have presently disposed, of to a degree not warranted nor justified by the terms. The District Court admits that in adopting the course it has, it has not attempted to assert or exercise judicial discretion, but that it has acted exclusively upon the hypothesis that all discretion and control over the subject matter had been withdrawn from it, and under an obligation imperatively imposed upon it by our judgment to take no further action. Under the circumstances we think a decision of this matter can be properly referred to us for immediate decision, so as to set matters at rest at once should the court below have misconceived the scope of the judgment. (See State ex rel. Reynolds and Henry Construction Company vs. O’Kelly, Tax Collector, 48 An. 28.) We are unwilling to forestall and decide by anticipation any issue between the parties which would legitimately go to the District Court for determination, upon the remanding of the cause. Our decree recognized that a community of acquets and gains existed in Louisiana between Schuyler B. Steers and his wife, Mrs. Kate Clark Steers, during the period of their residence in Louisiana to June 1, 1888, and that the heirs of Mrs. Steers are entitled to the residuary interest in the community which would have gone to Mrs. Steers.
This court has repeatedly held that one who has no legal interest in a succession can not interfere in the administration. (Succession of DeArmas, 1 Rob. 461; King vs. Lastrappes, 13 An. 582; Field vs. Mathison, 3 Rob. 38; Succession of Floyd, 12 Rob. 197.) Our decree established as a fact that the heirs of Mrs. Steers had a legal interest in the settlement of the succession of Schuyler B. Steers, and through it the executor has been notified of the existence of such interest. In the administration of the succession he will, even for self-protection, have to act in reference to that fact. (Succession of Troxler, 46 An. 738; Succession of Gaines, 45 An. 1258.) We were informed through the mortuaria brought to this court that it had been opened in the State of New York, as well as in Louisiana, and that the succession had property in both States. We did not decide which was the main or which the ancillary succession. We do not think a decision of that question involved in this litigation is presently before us. ' There is, unquestionably, a succession opened here with a succession representative and property under his charge. His precise duty is pointed out by *931 law. We have, in general terms, referred to it in the succession of Von Hoven, 46 An. 920 and 921, and Succession of Gaines, 45 An. 1238; 46 An. 252. The local interest which the heirs of Mrs. Steers have in the succession of the husband give them an unquestionable right to call upon the executor from time to time to account, to protect their interests from any action taken in the administration by which those interests would be prejudiced, to insist upon a reasonably speedy closing of the succession and to question the correct - ness of that account when rendered in so far as it might illegally and injuriously affect them. To what extent relief or opposition could go; over what ground it could legitimately extend, in what form, and in what proceeding it should be presented, would depend upon the facts of the particular case, and the circumstances under which it was made. A final account, under and through which the executor should propose to turn over the property and funds left in his hands after a full and complete administration, to the heirs or parties in interest, or an account in which he would propose to make a partial distribution to such parties, would, as we said in the Succession of Conrad, 45 An. 921; Succession of Gaines, 45 An. 1238, and in the Succession of Von Hoven, present a much broader scope for opposition than a provisional account or an ordinary administrator’s account, involving a mere payment of certain funds to specified creditors. (See, also, Succession of Thomas, 12 Rob. 217; Wood vs. Stokes, 13 An. 144.) It might well be, however, as the settlement of the community is affected through the administration of the husband’s succession, that a surviving wife in community or the heirs of a wife in community have a direct interest in the payments to be made and the funds out of which they were to be taken. Áli such questions have to be primarily passed upon, in view of existing conditions.
Whether or not the administratrix of the succession of Mrs. Fannie Steers was or was not justified in seeking to have determined the particular issues she was raising on an opposition to an executor’s provisional account such as was the one in the matter of which her opposition was filed; whether a partition of the community could be effected through an execútor’s account, either provisional or final, or whether there should be a direct action instituted between the parties in interest holding matters in abeyance inside of the succession, until the partition was effected; whether the administratrix of *932 the succession of Mrs. Steers was or was not the proper person to stand in judgment for a proceeding of 'that character; whether the institution of the second or direct proceeding by the administratrix, which we have herein referred to, against the executor of Steers, taken in connection with the intervention of the heirs of Schuyler B. Steers in that proceeding and the issue joined on that intervention by the administratrix of Mrs. Steers, constituted or did not constitute a quasi partition suit, are questions (as are all similar questions) left open by our judgment to be passed upon, as presented to the District Court in the exercise of judicial power in original actions.
We did not say that the executor of the succession of Schuyler B. Steers should not, at some stage of his gestión, account for the fruits and revenues of the real estate, in Louisiana, nor that the administratrix of Mrs. Steers was without capacity or authority to insist that this should be done, nor did we undertake to interfere with the judgment of the District Court, as to the time at which, or the circumstances under which, this should be done. The sentence in our opinion, which the court below believes had the effect of paralyzing its discretionary action, in respect to all these matters, was a mere incidental remark in the body of the opinion going to show the dependence which the administration in one -State might have upon that in the other. It might, for instance, be, that community debts should have been presented to the New York executors, and .been, by them, paid out of the funds of the separate estate of Schuyler B. Steers in that jurisdiction. Such a fact would, necessarily, have effect upon the rights of parties in the settlement of the community here.
It was not our purpose to convey to the District Court the idea that that fact should control it, or the parties in bringing the succession of Steers in Louisiana to a prompt, full and complete liquidation and settlement, as far as this result could be reached here; that legal proceedings here should be stayed until the New York succession should be closed; or that the heirs of Mrs. Steers should be remitted to New York in order to have the affairs of the community ascertained and fixed in that jurisdiction.
We do not feel authorized, in the present proceeding, to issue a mandamus to the District Court, ordering and directing what particular course it should pursue in reference to the succession of Schuy *933 ler B. Steers and the community, as the position it has taken is one based exclusively upon supposed obedience to existing directions to it, under our judgment in the case. 15 S. E. Rep. 99-100-103; 41 N. W. Rep. 743; 104 N. C. 739-742; 24 Am. Law Reg. 531.
We have concluded to direct the District Oourt to replace the case upon the trial docket, reopen the questions raised upon the opposition and rule, referred to herein, and dispose of them, and the District Oourt is hereby so instructed and directed.