servation, the plaintiff did not suffer over four or six weeks.

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is affirmed.

────────

(37 South. 964.)

No. 15,345.

STATE ex rel. RICHARDSON v. ST. PAUL, Judge.*

(Jan. 4, 1905.)

APPEAL—INTERLOCUTORY ORDER.

Where a bond given under an order of court for the release of a sequestration furnishes ample protection to the plaintiff in the writ, such order cannot work an irreparable injury, and, being interlocutory, no appeal lies therefrom.

(Syllabus by the Court.)

Application by the state, on relation of F. Rivers Richardson, for writs of certiorari, prohibition, and mandamus, to John St. Paul, judge of the civil district court for the parish of Orleans. Writs of mandamus and prohibition made peremptory.

D. Caffery & Son, Rufus E. Foster, and Branch Knox Miller, for relator. Respondent judge, pro se. Henry Laurence Lazarus, Henry Renshaw, and Herman Michel, for respondent Wm. Johnson.

MONROE, J. In July, 1904, during vacation, relator filed a petition in this court alleging, in substance, that William Johnson had brought suit in the civil district court to annul certain proceedings via executiva, and a sale thereunder, by virtue of which relator had become the adjudicatee of the property sold, and that a writ of judicial sequestration had issued, under which said property had been seized by the sheriff; that thereafter, by an order made contradictorily with said Johnson, the judge a quo had directed that the seizure be released, and the property restored to the possession of relator,

*Rehearing denied February 13, 1905.

upon his giving bond in the sum of $7,000; and that from the order so made said Johnson had been granted a suspensive appeal, but that said order was one from which a suspensive appeal did not lie; and relator accordingly prayed for writs of certiorari, mandamus, and prohibition to preserve the status existing before said appeal was granted. After considering the petition so filed, and the exhibits annexed, this court ordered the record in the action of nullity therein referred to to be sent up; that the respondent judge show cause on August 8th why the writs of prohibition and mandamus should not issue as prayed for; and that in the meanwhile the execution of the order of appeal complained of be stayed, and relator allowed to administer and collect the rents from the property in controversy. The judge a quo in due time sent up the record, and made his return, merely submitting the question presented. William Johnson, to whom the appeal had been granted, also appeared, by an answer, supplemented by a brief, setting forth the reasons why the relief prayed for by the relator should not be granted, and suggesting that the matter at issue ought to be decided by the whole court. In view of this suggestion, after considering the situation of the parties, as resulting from the order which had been made, though without passing upon the question of the authority of a single justice of this court to act finally in the premises, it was ordered that further consideration of the matter be postponed, to be taken up by the whole court at its then approaching regular term, and it is the matter so presented and postponed which is now to be considered.

It appears from the pleadings and record that at the time that Johnson brought his action of nullity the relator had for more than six months been in possession, as owner, of the property sued for, the same having been adjudicated to him by the sheriff in a proceeding via executiva, to which John-

son, the former owner, had been made a party; that the nominal aggregate rental of said property amounted to $242.50 per month, of which about $200 a month had been collected, and the relator had insured the improvements for something like $20,000, at a cost, for three years, of $150. It further appears that relator was dispossessed by the judicial sequestration issued without bond, and, as alleged by him, that the sequestration was ordered to be set aside, and the property restored to his possession, on his furnishing bond in the sum of $7,000; and that from the order last mentioned the suspensive appeal complained of was granted.

The bond required will presumably furnish ample protection to the plaintiff in the writ. Hence the order for the release of the sequestration can work him no irreparable injury, and, being interlocutory, no suspensive appeal lies therefrom. Code Prac. art. 566; State v. Judge, 14 La. 590; State v. Judge, 2 Rob. 395; Block Bros. v. Barthe, 20 La. Ann. 344; State ex rel. City v. Judge, 22 La. Ann. 260; State ex rel. Roth v. Judge, 37 La. Ann. 846; State ex rel. Des Allemands Lumber Co., Ltd., v. Allen, Judge, 110 La. 854, 34 South. 804.

It is therefore ordered, adjudged, and decreed that the writs of mandamus and prohibition herein issued be made peremptory in so far as to direct the judge a quo to give effect to the order dissolving the sequestration in question on bond, and to prohibit him from giving effect to the order granting an appeal therefrom.