(38 South. 826.)

No. 15,429.

## RICHARDSON v. JOHNSON.

(June 5, 1905.)

APPEAL—RELEASE OF SEQUESTRATION—INTERLOCUTORY ORDER.

Where a bond given under an order of court for the release of a sequestration furnishes ample protection to the plaintiff in the writ, such order cannot work an irreparable injury, and, being interlocutory, no appeal lies therefrom. Code Prac. art. 566.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by F. Rivers Richardson against William Johnson. Judgment for plaintiff, and defendant appeals. Dismissed.

Henry Laurence Lazarus, Henry Renshaw, and Herman Michel, for appellant. Branch Knox Miller, D. Caffery & Son, and Rufus Edward Foster, for appellee.

NICHOLLS, J. A motion has been made by the appellee herein to dismiss this appeal on the ground that the Supreme Court is without jurisdiction ratione materiæ, in that no appeal lies from such an order as is here sought to be appealed from, "and further because in proceedings before it No. 15,345, in the suit of Appellee v. St. Paul, Judge, the issues presented by this appellee were decided adversely to the contention of the appellant, and by which decree it was held that no appeal would lie from such an order. That decree is pleaded as res judicata."

### On Motion to Dismiss.

The decree relied upon as constituting res judicata will be found in the proceeding re-

ported in 113 La. 1045, 37 South. 964, under the title of "State ex rel. Richardson v. St. Paul, Judge."

As appears from that case, the relator therein, Richardson, having been dispossessed of certain property to which he held title by means of a judicial sequestration which had been obtained by William Johnson in an action which he had brought to annul Richardson's title, the latter applied for and was granted the right to release the sequestration on furnishing bond. Johnson was granted a suspensive appeal from this permission to bond. Richardson then obtained from this court a rule on the district judge to show cause why the order dissolving the sequestration on bond should not be given effect to, and why a writ should not issue prohibiting the district court from giving effect to, the order granting the suspensive appeal. On hearing, this court made the writs of mandamus and prohibition peremptory, holding that, "where a bond given under an order of court for the release of a sequestration furnishes ample protection to the plaintiff in the writ such order cannot work an irreparable injury, and, being interlocutory, no appeal lies therefrom." Code Prac. art. 566.

The same reasons which in that case led up to the decree just referred to dispose of the appeal itself when it is brought before us.

For the reasons assigned in that case, this appeal is dismissed.