Statement of the Case.
MONROE, J.
The decedent left a will and three forced heirs, who accepted his succession. The testamentary executor administered the estate and filed his final account, which was opposed by Mrs. Marie Naquin, wife of S. Dugas, who alleges that she had instituted a suit, which is still pending, against Miss A. Junqua (one of the forced heirs) and F. I-I. Sevin, in solido, on their note for $3,000; that since the suit was filed they have intermarried; that Miss Junqua has not opposed the account of the executor, though she knows it to ■ be incorrect; and that her failure to oppose it is intended to enable her to obtain in cash whatever may be due her from the succession, and thus “prevent the execution of appearer’s rights ¿gainst her.” She therefore opposes each and every item of the account, alleging, among other things (as grounds of opposition), that there was no necessity for selling the real estate, and that it should have been turned over to the heirs; that there has been no sale of the movables, and that the executor should be ordered to divide them in kind; that the private sale of certain stocks, under order of court, was illegal; that the executor has no right to propose to retain any amounts for pretended mortgages and-judgments against Miss Junqua; that the executor has erred in stating that the legitime is $20,810.94, the fact being that it is $22,269.85; that the executor has failed to-account for all the movables; that he fails to make any proposition to divide or dispose of certain money, property, and credits; that he does not say to whom he proposes to distribute certain mortgage notes; that the appraisers’ and auctioneer’s fees, as allowed, are excessive. She prays that the executor be ordered to recast his account. Miss Jun-qua (now the wife of Felix H. Sevin, aided by her husband) excepted to the right of the-opponent to appear as she has done, and the exception was maintained. The opponent has appealed.
Opinion.
It is not alleged that Miss Junqua (now Mrs. Sevin) has refused to accept an inheritance, to the prejudice of her creditors. To the contrary, it appears that she has accepted an inheritance, and is in the way of making a settlement of her rights, and of obtaining the portion due her in a form satisfactory to herself. 'We know of no law or precedent which would authorize a creditor of hers, with a claim which has not been reduced to judgment, to obstruct such settlement, and the settlement of the succession in which others are interested, by mere opposition to the executor’s account. Field v. Mathison, 3 Rob. 38; Succession of Floyd, 12 Rob. 197; Succession of Williams, 107 La. 610, 32 South. 65.
The judgment appealed from is therefore affirmed.